IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TEAMSTERS LOCAL 237 WELFARE FUND, individually and on behalf of Others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>SERVICEMASTER GLOBAL HOLDINGS, INC. et al.,<br><br>   Defendants. | No. 2:20-cv-02553-STA-tmp |

**ORDER DENYING JOINT MOTION TO SCHEDULE CASE MANAGEMENT CONFERENCE WITHOUT PREJUDICE**
**ORDER GRANTING DEFENDANTS' JOINT MOTION TO STAY**

Before the Court are the parties' Joint Motion to Schedule a Case Management Conference (ECF No. 73) filed May 17, 2022, and Defendants Terminix Global Holdings, Inc. (f/k/a ServiceMaster Global Holdings, Inc.), Nikhil M. Varty, and Anthony D. DiLucente's Joint Motion to Stay (ECF No. 76) filed May 25, 2022. Lead Plaintiff Teamsters Local 237 Welfare Fund has responded in opposition to the Joint Motion to Stay, and Defendants have filed a reply brief. For the reasons set forth below, the Joint Motion to Stay is **GRANTED**, and the Joint Motion to Schedule a Case Management Conference is **DENIED** without prejudice.

**BACKGROUND**

On June 1, 2020, Lead Plaintiff filed a Complaint, alleging securities fraud claims on behalf of a class of investors against Defendant ServiceMaster Global Holdings, Inc. and the company's senior executives for violations of the Securities Exchange Act of 1934 ("the 1934

Act"). Compl., June 1, 2020 (ECF No. 1). The initial Complaint specifically alleged its claims "on behalf of all purchasers of ServiceMaster common stock between February 26, 2019 and November 4, 2019 . . . ." *Id.* ¶ 1. Lead Plaintiff alleged violations of two specific sections of the 1934 Act, (1) §10(b) of the 1934 Act and Rule 10b-5, and (2) § 20(a) of the 1934 Act.[1]

On May 13, 2021, the Court entered an order appointing Teamsters Local 237 as Lead Plaintiff and its chosen counsel Robbins Geller Rudman & Dowd LLP as Lead Counsel. Order Appointing Lead Pl. and Scheduling Order, May 13, 2021 (ECF No. 59). Lead Plaintiff filed an Amended Complaint (ECF No. 60) on June 28, 2021. On March 31, 2022, the Court granted Defendants' Joint Motion to Dismiss the Amended Complaint (ECF No. 63). The Court held that the Amended Complaint failed to meet the heightened pleadings standard by alleging all of the elements of a Rule10b-5(b) misrepresentations claim for securities fraud. The Court further concluded that Defendants had not specifically sought the dismissal of the Amended Complaint's allegations of scheme liability under Rule 10b-5(a) or (c). The Court therefore took no position on the merits of the Amended Complaint's scheme liability claims.

On May 25, 2022, Defendants filed their Answer (ECF No. 74) to the Amended Complaint as well as a joint motion for judgment on the pleadings (ECF No. 75), seeking judgment as a matter of law on the Amended Complaint's scheme liability claims. Lead Plaintiff

---

[1] Plaintiff brought suit in the United States District Court for the Middle District of Tennessee. Shortly after the filing of the initial Complaint, Defendants filed a motion to transfer the action to the Western District of Tennessee, arguing that Defendant ServiceMaster has its principal place of business in Memphis, Tennessee, and the company's senior executives lived and worked in Memphis. *See* Defs.' Mot. to Transfer, July 6, 2020 (ECF No. 32). On July 30, 2020, U.S. District Judge Aleta Trauger granted the motion and transferred the case to this Court. *See* Order Granting Mot. to Transfer, July 30, 2020 (ECF No. 44). On March 8, 2021, U.S. District Judge John T. Fowlkes transferred the case once more to the undersigned. Order of Transfer, Mar. 8, 2021 (ECF No. 55).

has responded in opposition to the Rule 12(c) motion. Defendants' reply brief is currently due July 6, 2022.

In addition to the pending Rule 12(c) motion, the parties have filed a Joint Motion to Schedule a Case Management Conference (ECF No. 73). The parties request a case management conference with the Court to set the Rule 16(b) scheduling deadlines to govern the remainder of the action. The parties have submitted a proposal to the Court outlining their divergent views about the proper scope and sequence of discovery. The parties disagree over whether Lead Plaintiff is entitled to pursue discovery while Defendants' Rule 12(c) motion remains pending. The parties also disagree over whether the Court should limit fact discovery to only those matters with relevance and bearing on the class certification process.

Defendants' Joint Motion to Stay asks the Court to impose a stay of all discovery until the Court can render its decision on Defendants' Rule 12(c) motion. In effect, the Joint Motion to Stay would resolve the parties' dispute about the case management deadlines to be adopted by the Court. Defendants argue that a stay is warranted either as an exercise of the Court's discretion or as a matter of law under the automatic stay provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Lead Plaintiff opposes a stay. Lead Plaintiff asserts that Defendants' Rule 12(c) motion is not a "motion to dismiss" within the meaning of the PSLRA's automatic stay provision. Lead Plaintiff also opposes a discretionary stay on the grounds that Lead Plaintiff filed suit more than two years ago and to date has not had the opportunity to conduct any discovery. A further stay during the pendency of the motion for judgment on the pleadings will continue to deprive Lead Plaintiff and the investors whom it seeks to represent needed fact discovery.

## ANALYSIS

The issue presented is whether a stay of discovery is required as the parties brief and the Court decides Defendants' pending motion for judgment on the pleadings. "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S. Ct. 163, 81 L.Ed. 153 (1936)). A court-ordered limitation on discovery, including a stay, may be justified where the Court can decide a question of law and dismiss a claim without the need for further discovery. *Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (*Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

The PSLRA provides for an automatic, mandatory stay of discovery and other proceedings. Paragraphs (1) and (2) of section 78u-4(b) of the PSLRA impose heightened pleading requirements: the pleadings must "specify each statement alleged to have been misleading along with the reason or reasons why the statement is misleading" and "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Dougherty v. Esperion Therapeutics, Inc.*, 905 F.3d 971, 978 (6th Cir. 2018) (quoting 15 U.S.C. § 78u-4(b)(1), (b)(2)). Paragraph (3) requires courts "on the motion of any defendant" in a private action to "dismiss the complaint if the [pleading] requirements of paragraphs (1) and (2) are not met." § 78u-4(b)(3)(A). Paragraph (3) makes a stay of "all discovery and other proceedings" mandatory "during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." § 78u-4(b)(3)(B).

The Court holds that a stay of discovery and other proceedings is required while the parties finish briefing Defendants' motion for judgment on the pleadings and the Court makes its determination of the motion. The PSLRA imposes a mandatory stay in this case because Defendants' Rule 12(c) motion has contested the sufficiency of the Amended Complaint in meeting the heightened pleading requirements of § 78u-4(b)(1) and (2). Paragraph (3) of § 78u-4(b) requires the Court to dismiss the Amended Complaint "if the requirements of paragraphs (1) and (2) are not met." § 78u-4(b)(3)(A). Paragraph (3) also imposes an automatic stay "during the pendency of the motion to dismiss." Each paragraph of section 78u-4(b) works hand in hand to effect Congress' purpose of creating different substantive and procedural rules for PSLRA claims. The Court holds then that the PSLRA's automatic stay is triggered here.

Lead Plaintiff counters that Defendants seek relief pursuant to Federal Rule of Civil Procedure 12(c), while the PSLRA specifically conditions the automatic stay on the filing of a "motion to dismiss." *See* § 78u-4(b)(3)(B) (imposing a stay "during the pendency of any motion to dismiss"). Lead Plaintiff has cited authority to support its reading of the statute. However, the Court finds that Lead Plaintiff's argument would elevate form over substance and in a manner that is not entirely consistent with the statutory text. Read in context, Paragraph (3)'s stay of discovery and all proceedings is not necessarily limited to the filing of a Rule 12(b)(6) motion. Paragraph (3)(A) speaks of "the motion of any defendant," attacking a pleadings for failure to meet the heightened requirements of paragraphs (1) and (2). Defendants' Rule 12(c) motion seeks essentially the same relief as a motion to dismiss for failure to state claim under Rule 12(b)(6).

This suggests that a Rule 12(c) motion for judgment on the pleadings, a motion to be decided under substantially similar legal standards as a Rule 12(b)(6) motion to dismiss, also

5

requires a stay of discovery in a PSLRA action. *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) ("The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted."). Courts typically look to the substance of a motion, and not necessarily the labels applied by the litigants. *Mata v. Lynch*, 135 S. Ct. 2150, 2156 (2015) ("If a litigant misbrands a motion, but could get relief under a different label, a court will often make the requisite change."). The fact that Defendants seek relief under Rule 12(c) after the pleadings have closed does not change the nature of their arguments or the relief they request, specifically the dismissal of the Amended Complaint's scheme liability claims for failure to meet the heightened pleading requirements of section 78u-4(b).

To the extent that the PSLRA's automatic stay would not apply, the Court finds that a discretionary stay is appropriate. Defendant's motion for judgment on the pleadings is addressed to the Amended Complaint's scheme liability theories, claims for relief the Court did not address as part of its order on Defendants' initial motion to dismiss. The parties' briefing on the Rule 12(c) motion is nearly complete. Any stay imposed at this juncture of the case will presumably be of shorter duration in light of the limited nature of the arguments presented in the Rule 12(c) motion and the fact that the Court has already dismissed other claims in the Amended Complaint. A relatively brief stay is justified since the Court's decision on a question of law may potentially dismiss the scheme liability claim without further discovery. *Gettings*, 349 F.3d at 304.

Defendants' Motion to Stay is **GRANTED**. In light of the fact that the PSLRA mandates a stay of "other proceedings" and the stay will impact the parties' competing proposals for a case management plan, the Court will **DENY** the Joint Motion for Scheduling a Case Management Conference without prejudice. The Court will issue a setting letter for the conference, if

necessary, along with instructions for the proposal of a scheduling order, following a decision on Defendants' motion for judgment on the pleadings.

    **IT IS SO ORDERED.**

                                          **s/ S. Thomas Anderson**
                                          S. THOMAS ANDERSON
                                          CHIEF UNITED STATES DISTRICT JUDGE

                                          Date: July 1, 2022